**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-17-50150-001-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Theodore Kelly, | |
| Defendant. | |

The Defendant, Theodore Kelly, in *pro se*, filed with the Court what it construes as a Motion for early Termination of his Supervised Release (Doc. 3). The Government has filed a Response (Doc. 6) in which it takes no position.  The Court requested and has received an unfiled Memorandum from the Defendant's supervising U.S. Probation Officer in which he avers that the Defendant meets the criteria for early termination.

I.  **Background**

This Court assumed supervision of Defendant Kelly on August 24, 2017.  Not being wholly familiar with the facts of his case, a review of the record by all accounts reflect serious and dangerous conduct as the Defendant was convicted of six counts of robbery and two counts of using and carrying a firearm in the course of robbing several business in Philadelphia and Yeadon.  The Eastern District of Pennsylvania district court imposed a 144 month custody sentence on the Defendant.  He was also ordered to pay a special assessment fee and to make restitution to the robbery victim businesses. Upon release from custody, Defendant Kelly was ordered placed on supervised release for 60 months.  His

supervised release term began on August 15, 2017 and is scheduled to end on August 14, 2022. Having served approximately three and one-half years of that five-year term, he now seeks early termination.

II. **Law and Analysis**

Title 18 U.S.C. § 3583(e)(1) gives a district court discretion in determining whether or not to grant a motion to terminate supervised release. *See United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). In so doing, the Court must consult the sentencing factors in 18 U.S.C. § 3553(a). *Id.* The Court has reviewed those factors, in Defendant Kelly's case.

Defendant Kelly states that he completed the custody sentence imposed, he has paid his fines and restitution, he has kept employment and is "being as much of a positive presence as I can to all those I encounter." (Doc. 3). He describes a goal of developing a cleaning service. (*Id.*) He describes being involved in community service such as speaking to "youth about positive bounce back from mistakes" and taking drinking water and supplies to whoever needs and wants it. (*Id.*)

His supervising officer confirms the following: Defendant Kelly has had numerous places of employment and he has generally maintained employment; he has completed his substance abuse treatment, financial disclosures, DNA, and he has paid his fines and restitution. Importantly, the supervising officer states that Defendant Kelly has been cooperative with his probation officer, followed all directives and poses no identifiable risks to the public. In essence, Defendant Kelly has successfully reintegrated into the community.

In view of the 18 U.S.C. § 3553(a) factors as they relate to Defendant Kelly, he demonstrates taking responsibility for his conduct and he has served his custody term which reflects upon the seriousness of the crime. He has paid restitution to the victims of his crimes, he has completed his drug and rehabilitation programs, and maintains employment. Importantly, there is no information before the Court that he has had law enforcement contact, he has had no identifiable supervise release violations and he has

been respectful and cooperative to the supervising probation officer. The section 3553(a) factors appear to have been fulfilled. On this record, the Court finds that Theodore Kelly, by his conduct has earned early termination of his supervised release term.

Accordingly,

**IT IS ORDERED** granting the Defendant's Motion for Early Termination of Supervision (Doc. 3).

Dated this 4th day of February, 2021.

Honorable Diane J. Humetewa
United States District Judge